## GILL v BAKER

Ohio Appeals, 5th Dist, Stark Co
No 1078

Roetzel, Hunsicker & Olds, Akron, and Black, McCuskey, Ruff & Souers, Canton, for Gill.

Lynch, Day, Pontius & Lynch, Canton, for Baker.

LEMERT, J.

It was claimed by the plaintiff and denied by the defendant that the defendant was traveling from thirty five to forty miles per hour and did not slow down after turning off on the berm and that the defendant lost control of his car and continued to operate the same thereafter, so that he permitted it to travel upon the left side of the highway.

It was claimed by the defendant and denied by the plaintiff that the collision was the result of a pure accident, in that his car struck an invisible obstruction in the highway, causing it to swerve across the highway, without any fault upon his part. Defendant also claimed that at the time his car came to rest, the car in which the plaintiff was riding was a sufficient distance away to have permitted the driver to stop or turn to the left and pass to the rear of defendant's car.

We have made a careful examination of the record in this case, and the same is very short, there having been three witnesses called on behalf of the plaintiff, to-wit: The plaintiff, his father, who was the driver of the car, and one other witness, Walter Maze, who testified as to the facts surrounding the collision.

Palintiff in error contends that this cause should be reversed for three reasons: First, that the verdict is manifestly against the weight of the evidence; Second, for error committed by the trial Court in his charge to the jury; third, improper admission in evidence of certain testimony by the defendant.

Upon the first ground of error, it was simply and purely a question of fact to be determined by the jury as to whether or not they believed the testimony of the plaintiff and his witnesses, or whether or not they would believe the defendant as to what occurred at the time and immediately before the collision. Upon this point it is urged that because three persons contradicted the defendant upon some matters, therefore the verdict is manifestly against the weight of the evidence.

The evidence in the record discloses that at the time of the collision or accident that the highway was covered by snow and was in a very slippery condition. It is to be noted from the record that the defendant's car after the collision was standing with both its front wheels squarely against a two inch curb on the west side of the highway, this being the place it reached and stopped some time immediately before the collision. Plaintiff's witnesses testified that the defendant was driving at a rate of speed from thirty five to forty miles an hour, when his car suddenly turned directly across the pavement. Had this been true, the defendant's car surely would have passed over the low curb, hence the jury no doubt disbelieved plaintiff's testimony as to speed.

The physical facts and circumstances surrounding the case clearly indicate and supported the defendant in his testimony, and simply because three witnesses contradicted him on some matters of fact, this Court cannot reverse the judgment herein as being manifestly against the weight of the evidence.

The second ground of error insisted upon is that the trial Court gave in connection with his general charge certain charges requested to be given by the defendant, for the reason that such charges constituted repetitions of instructions theretofore set out in the general charge. It is not claimed by counsel for plaintiff in error that the instructions given were erroneous or prejudicial propositions of law, but say that these instructions constituted unnecessary repetitions and unfair emphasis of the claims made by the defendant.

We have carefully examined the record with reference to these instructions and do not believe that the repetition, as shown by the record, was prejudicial. We do not believe that this case falls within the rule announced in **Packing Co. vs. Conkle, in 86 Oh St** at page 117. In that case the Supreme Court comments on instructions given before argument to the jury. A dozen or more repetitions of conditions favorable

to the defendant were given in that case, all of which were before the jury. From a careful reading of that case, we find that the Court over and over, again and again, repeated certain matters which were favorable in that case to the defendant. The Supreme Court affirmed the Circuit Court in reversing the case, holding that the trial Court had been guilty of an abuse of discretion. That case is not controlling in the instant case, for the reason that in the instant case the instructions were few, clear, plain and not confusing. If this Court were to reverse this case on this ground of error, it would be establishing an unreasonable precedent, for the reason that it is next to impossible for a trial Court to charge a jury, where many issues are presented, without, to some degree at least, repeating some part of his charge, and that is true, whether or not the repetition is made up of special request or solely by the general charge.

The third ground of error urged is that the Court erred in the admission of evidence. The evidence complained of is set forth on page 71. It is claimed and urged that the Court permitted the defendant, over plaintiff's objection, to give his conclusions, etc. A reading of the questions and answers clearly shows that the answers are either statements of fact or statements of the defendant's reason for doing what he did. We believe that this evidence was competent and proper and that the defendant had a right to give his reason for what he did at the time in question. Statements of facts and intentions are not conclusions.

Therefore, from a full and thorough examination of the record in this case, we find no prejudicial error, and the finding and judgment of the Court below will therefore be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J, concurs.